IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. SPLAWN,                                No. CIV S-10-2584-GEB-CMK-P

       Petitioner,

    vs.                                                       FINDINGS AND RECOMMENDATIONS

MATTHEW CATE,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Here, petitioner is challenging his August 24, 2007, conviction out of the Shasta County Superior Court.  He indicates in his petition that he has another petition pending in this court, case number 2:10-cv-00121.  A review of the court's records reveal that petitioner's other habeas action is still pending.[1]

---

[1] A court may take judicial notice of court records.  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1  Generally, a habeas petitioner is required to raise all colorable grounds for relief in
2  his first petition.  See McFarland v. Scott, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring),
3  Habeas Corpus Rule 2(c).  Under § 2244(b)(2), "[a] claim presented in a second or successive
4  habeas corpus application . . . that was not presented in a prior application shall be dismissed"
5  unless one of two circumstances, not relevant here, exist.  28 U.S.C. § 2244(b)(2).  The Ninth
6  Circuit has directed that where a pro se petitioner files a new petition before the district court has
7  adjudicated the petitioner's prior petition, the court should liberally construe the new petition as a
8  motion to amend the petition rather than as a "second or successive" petition.  See Woods v.
9  Carey, 525 F.3d 886, 890 (9th Cir. 2008).   However, as indicated in Woods, where petitioner
10 proceeds with counsel, such liberal construction of a new petition is not mandated as counsel
11 presumably knows that all claims are to be raised in one case.

12  Based on the foregoing, the undersigned recommends that petitioner's petition for
13 a writ of habeas corpus (Doc. 1) be summarily dismissed.

14  These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court.  Responses to objections shall be filed within 14 days after service of
18 objections.  Failure to file objections within the specified time may waive the right to appeal.
19 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 24, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2